ROBERT S. LARSEN, ESQ.
Nevada Bar No. 7785
**GORDON & REES LLP**
300 South Fourth Street, Suite 1550
Las Vegas, Nevada 89101
Telephone:    (702) 577-9300
Direct:  (702) 577-9301
Facsimile:  (702) 255-2858
E-Mail:  rlarsen@gordonrees.com

*Attorneys for Defendant*
RECEIVABLES PERFORMANCE MANAGEMENT, LLC

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| EMILY MILES,<br><br>                Plaintiff,<br><br>vs.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br><br>                Defendant. | CASE NO.: 2:16-cv-02606-JAD-NJK<br><br>~~[PROPOSED]~~ **STIPULATED PROTECTIVE ORDER**<br><br>**AS AMENDED** |

**IT IS HEREBY STIPULATED** by and between Plaintiff, EMILY MILES (hereinafter referred to as "Plaintiff") and Defendant, RECEIVABLES PERFORMANCE MANAGEMENT, LLC (hereinafter referred to as "Defendant") through their respective attorneys of record, as follows:

**WHEREAS**, the parties expect that discovery in this action may encompass confidential and proprietary documents and trade secrets of one or more parties, including without limitation financial data such as sales data, revenues, costs, pricing structure, customer information, purchasing information, tax returns, business strategies, and potentially other non-public information, such as personal income, credit and other confidential information of Plaintiff or Plaintiff's witnesses.

**THEREFORE**, it is hereby stipulated, and the parties hereby request, that the Court enter a protective order as follows:

**I.    SCOPE:**

    **A.**   This Protective Order shall limit the use and/or disclosure of any and all documents, which embody or disclose any information, designated hereunder as "CONFIDENTIAL" or as "CONFIDENTIAL--ATTORNEYS' EYES ONLY"

        **1.**   All documents designated in accordance with this Protective Order and all information contained therein;

        **2.**   Portions of deposition testimony and transcripts and exhibits thereto which include, refer, or relate to any designated "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" information;

        **3.**   All information, copies, extracts, and complete or partial summaries prepared or derived from information that was designated "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY";

        **4.**   Portions of briefs, memoranda, or any writing filed with or otherwise supplied to the Court under seal, which include or refer to any information designated "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY"; and

        **5.**   Any document exchange in connection with, or related to, any mediation, or proposed mediation.

    **B.**   Any person (i.e., any individual or entity) designating documents, testimony, or other information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" hereunder asserts that he, she, or it believes in good faith that such material is his, her, or its Confidential Information which is not otherwise available to the public generally, or is Confidential Information which the person believes is or may be encompassed by a pre-existing confidentiality agreement with any other person.

    **C.**   "Confidential Information" for purposes of this Stipulation Protective Order is defined as documents, material, or testimony that is private or constitutes and/or

*Gordon & Rees LLP*
*300 S. 4th Street, Suite 1550*
*Las Vegas, NV 89101*

-1-
STIPULATED PROTECTIVE ORDER

relates to:

1. Trade secrets;
2. Business strategies, decisions, and/or negotiations;
3. Financial, budgeting, and/or accounting information;
4. Customer/Consumer information, including prospective customers; and
5. Marketing studies, pro-formas, projections, and similar information relating to the value and/or potential value of stock, science and technology, and/or other assets or liabilities.

D. Confidential Information ordinarily should be designated as "CONFIDENTIAL" rather than "CONFIDENTIAL--ATTORNEYS' EYES ONLY." A "CONFIDENTIAL--ATTORNEYS' EYES ONLY" designation is appropriate only where the Confidential Information is so extremely sensitive in the context of this case that there is a real danger that the party producing the information could be prejudiced if the information is disclosed under the protection provided by a "CONFIDENTIAL" designation. Examples of information warranting a "CONFIDENTIAL--ATTORNEYS' EYES ONLY" designation are documents which contain, disclose, or reflect settlement agreements and settlement agreement terms, trade secrets, sensitive customer/consumer information, business and marketing plans and information, or similarly competitively sensitive information.

E. Nothing in this Order and no party's designation of any document or information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be construed to constrain, preclude, or otherwise affect in any manner the independent research and development, marketing, product development, or other technical activities of the parties.

F. Nothing in this Order and no party's designation of any document as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be construed to constrain, preclude, or otherwise affect the use (including the

ability to include the document or information in papers not filed under seal) of another party's documents which are duplicates of such designated documents provided that such duplicate documents were lawfully obtained by such party through means independent of the discovery process.

G. A party's failure to designate a document as its Confidential Information where the document was produced by another party and designated by the producing party as that party's Confidential Information shall not be construed to waive the non-designating party's claim, with respect to present and future litigation between these or other parties, that the document contains the non-designating party's Confidential Information.

## II. DESIGNATION OF DOCUMENTS AND DEPOSITIONS AS "CONFIDENTIAL" OR "CONFIDENTIAL--ATTORNEYS' EYES ONLY":

A. Designation of a document as "CONFIDENTIAL" by the producing party shall be made by conspicuously stamping or writing "CONFIDENTIAL" on each page thereof.

B. Designation of a document as "CONFIDENTIAL--ATTORNEYS' EYES ONLY" by the producing party shall be made by conspicuously stamping or writing "CONFIDENTIAL--ATTORNEYS' EYES ONLY" on each page thereof.

C. Designation of a deposition or other pretrial testimony, or portions thereof, as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be made by a statement on the record by counsel for the party or other person making the claim of confidentiality at the time of such testimony. The portions of depositions so designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be taken only in the presence of persons qualified to receive such information pursuant to the terms of this Protective Order, the court reporter, the deponent, and the deponent's attorney. Failure of any person to comply with a request to leave the deposition room will constitute sufficient justification for the witness to refuse to answer any question calling for

-3-
STIPULATED PROTECTIVE ORDER

disclosure of Confidential Information so long as persons not entitled by this Protective Order to have access to such information are in attendance. Thereafter, any counsel may reopen the deposition into areas which the witness refused to answer after bringing a motion for protective order to resolve whether the person who refused to leave the deposition should be allowed to be present during questioning. After resolution of said motion, counsel shall be allowed to continue said deposition with respect to the questions, and lines of questioning, which the deponent refused to answer, though the court may order that the deposition continue outside the presence of the person who refused to leave the initial deposition. The applicable portions of such deposition transcripts shall be clearly marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" on each page containing the Confidential Information.

**D.** Any party may designate documents or portions of deposition transcripts as containing Confidential Information even if not initially marked as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" in accordance with the terms of this Protective Order by so advising counsel for each party in writing within thirty (30) calendar days of the receipt of the document or deposition transcript which he, she, or it wishes to designate as Confidential Information. Thereafter, each such document or transcript shall be treated in accordance with the terms of this Protective Order. Any person served with written notice of any such designation of previously produced documents or deposition transcripts as containing Confidential Information shall thereafter treat such information as if it had been designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" at the time he, she, or it first received it in connection with this action and shall mark all copies of such documents in his, her, or its possession accordingly.

**III.    LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION:**

**A.** No Confidential Information shall be disclosed by anyone receiving such

information to anyone other than those persons designated herein, and in no event shall Confidential Information be used, either directly or indirectly, by anyone receiving such information for any business, commercial or competitive purpose or for any purpose whatsoever other than the preparation for or trial of this action in accordance with the provisions of this Protective Order.

  **B.** Confidential Information designated "CONFIDENTIAL" shall not be disclosed by any person who has received such information through discovery in this action to any other person except to:

    1. The parties hereto, and their present officers, directors and employees;

    2. Retained counsel for any party to this action and their respective associates, clerks and employees involved in the conduct of this litigation, but not including in-house counsel to either party, defined as counsel regularly employed or paid by, or associated with, a party, and/or whose offices are located within any premises of a party;

    3. Outside experts and consultants retained by a party for the purpose of preparing or assisting in this litigation, and their respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel;

    4. Any person who actually was involved in the preparation of the document or who appears on the face of the document as the author, addressee, or other recipient or currently is affiliated with the party that produced or appears to have prepared said document;

    5. Court reporters and similar personnel, ~~provided further that Confidential Information filed with the Clerk of the Court shall be sealed subject to release only by order of the Court or agreement of counsel~~; *[See order issued concurrently herewith]*

    6. Deponents with respect to whom the attorney for the examining party believes in good faith that disclosure of Confidential Information should be made in order to conduct relevant examination of such deponent on

-5-
STIPULATED PROTECTIVE ORDER

*Gordon & Rees LLP*
*300 S. 4th Street, Suite 1550*
*Las Vegas, NV 89101*

topics about which the attorney in good faith believes the deponent may have relevant information. In the case of a deponent who was not an author or recipient of the Confidential Information, and who has not previously agreed to be bound by the terms of this Order, the attorney conducting the examination shall limit disclosure of confidential information by any means practicable (i.e., redaction or severance of non-relevant portions) to only that which is in good faith required to conduct a meaningful examination of the witness, and shall show all counsel a copy of said redacted document before showing it to the witness. Any violation of this provision, or objection by counsel to showing the document to the witness, shall entitle the objecting party to suspend the deposition as to the Confidential Information at issue and any lines of questioning relating to the Confidential Information at issue, and to apply to the Court for a further Protective Order or other appropriate relief;

7. Any other person, either with the prior written consent of the party who has designated such information as confidential or pursuant to a Court order; and

8. The jury, judge and court personnel ~~at time of trial~~.

C. Confidential Information designated "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall not be disclosed by any person who has received such information through discovery in this action to any other person except to:

1. Retained counsel for any party to this action and their respective associates, clerks and employees involved in the conduct of this litigation, but not including in-house counsel to either party, defined as counsel regularly employed or paid by, or associated with, a party, and/or whose offices are located within any premises of a party;

2. Outside experts and outside consultants assisting in this litigation, and their respective clerks and employees involved in assisting them in this

litigation, to the extent deemed necessary by counsel;

3. Any person who actually was involved in the preparation of the document or who appears on the face of document as the author, addressee, or other recipient, or is currently affiliated with the party that produced or appears to have prepared said document;

4. Court reporters and similar personnel, ~~provided further that Confidential Information filed with the Clerk of the Court shall be sealed subject to release only by order of the Court or agreement of counsel;~~ [See order issued concurrently herewith]

5. Deponents with respect to whom the attorney for the examining party believes in good faith that disclosure of Confidential Information should be made in order to conduct relevant examination of such deponent on topics about which the attorney in good faith believes the deponent may have relevant information. In the case of a deponent who was not an author or recipient of the Confidential Information, and who has not previously agreed to be bound by the terms of this Order, the attorney conducting the examination shall limit disclosure of confidential information by any means practicable (i.e., redaction or severance of non-relevant portions) to only that which is in good faith required to conduct a meaningful examination of the witness, and shall show all counsel a copy of said redacted document before showing it to the witness. Any violation of this provision, or objection by counsel to showing the document to the witness, shall entitle the objecting party to suspend the deposition as to the Confidential Information at issue and any lines of questioning relating to the Confidential Information at issue, and to apply to the Court for a further Protective Order or other appropriate relief;

6. Any other person, either with the prior written consent of the party who has designated such information as confidential or pursuant to a Court order; and

7. The jury, judge and court personnel ~~at time of trial~~.

D. Before any person described in §§ III(B)(1), (3), (6) & (7), III(C)(2), (5) & (6) may receive, or is shown any document or information designated as confidential pursuant to § II, *supra*, each person must:

1. Be given a copy of this Protective Order;

2. Must agree in writing, in the form of the "Agreement to be Bound By Terms Of The Protective Order" attached hereto as Exhibit A, to be bound by the terms hereof;

3. The original of each such Acknowledgment and Agreement shall be maintained by counsel, and transmitted via E-Mail to all other counsel of record at least 5 Court Days in advance of receiving, or shown any document or information designated as confidential pursuant to § II, *supra*.

4. If any counsel objects to showing the signatory documents subject to this Order, the objecting party shall give E-Mail notice of its objections and the grounds therefore and shall have five Court Days after the date it gives notice pursuant to § III(D)(3) to file and serve a motion for protective order.

   a. If no objection is raised or no motion for protective order is filed and served thereafter pursuant to § III(D)(4), all objections shall be waived and the signatory may receive and/or be shown the documents subject to this Order.

5. If the person does not so agree, the person may not receive and/or be shown the document until after a determination of the filed motion for protective order.

E. Nothing in this Protective Order shall prevent counsel for either party from summarizing or discussing in general terms the nature of documents designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" with

-8-
STIPULATED PROTECTIVE ORDER

representatives of their respective clients, outside experts and consultants, deponents or potential witnesses, provided such summary or discussion does not disclose, in any way, the substance of the document so designated, the Confidential Information contained therein, and/or trade secret information of another party.

IV. **PROCEURES FOR FILING UNDER SEAL:**

　　A.　~~All Confidential Information filed with the Court and any pleading or other paper containing Confidential Information shall be filed under seal pursuant to the Local Rules of this District Court.~~

*See order issued concurrently herewith*

V. **CHALLENGE TO CONFIDENTIALITY DESIGNATION:**

　　A.　Any party who disagrees with the designation by a party of a document or other information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" may bring a motion before the Court requesting that the Court find that the document or other information is, in fact, not confidential.

　　B.　Prior to bringing a motion pursuant to § V(A), a party who objects to any other party's designation of documents or other information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall notify the other party in writing of the objection at least 10 Court Days prior to the filing of any such motion.

　　　　1.　The interested parties or other persons shall attempt to resolve such disagreements before submitting them to the Court.

　　C.　Pending resolution of any dispute concerning such designation, all parties and persons governed by this Protective Order shall continue to treat as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" all documents and information previously designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" under the terms of this Protective Order.

　　D.　If a motion challenging the confidentiality designation is brought, the party or

-9-
STIPULATED PROTECTIVE ORDER

person asserting that a document or other information is properly designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall bear the burden of proving that the document or other information is Confidential Information.

E. If no motion pursuant to § V(A) is filed, the Parties shall not argue in any other filing or submission that any document(s) designated as confidential information pursuant to § III were improperly designated.

VI. **SURVIVAL OF ORDER - RETURN OF DOCUMENTS:**

A. The provisions of this Order shall continue in effect until otherwise ordered by the Court after notice and an opportunity to be heard is afforded to the parties to this action.

B. The final determination or settlement of this action shall not relieve any person who has received Confidential Information or agreed to be bound by the terms of this Protective Order of his, her, or its obligations hereunder.

C. This Court shall retain jurisdiction after such final determination or settlement to enforce the provisions of this Order.

D. Upon completion of the litigation, all documents (including copies of documents) containing Confidential Information shall be destroyed or returned to counsel for the producing party, except that the parties' respective attorneys of record may retain one copy of each such document for use in connection with any disputes which may arise under the Court's retention of jurisdiction as provided for herein.

E. Within sixty days of the conclusion of this litigation, the attorneys for the receiving party shall notify the attorneys for the producing party that such return or destruction occurred.

VII. **USE OF OWN DOCUMENTS BY PRODUCING PARTY:**

A. Nothing in this Protective Order shall limit the use by any party or other person of his, her or its own document(s) or information, or any other documents or information obtained independently of discovery, even if such document(s) or

-10-
STIPULATED PROTECTIVE ORDER

information have been designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY."

### VIII. APPLICATIONS TO COURT:

**A.** This Protective Order shall not preclude or limit any party's right to oppose or object to discovery on any ground which otherwise would be available. This Protective Order shall not preclude or limit any party's right to seek in camera review or to seek further and additional protection against or limitation upon production or dissemination of information produced in response to discovery, including documents and their contents.

**B.** Any person to or by whom disclosure or inspection is made in violation of this Protective Order, and who has knowledge of this Protective Order, shall be bound by the terms hereof.

**C.** The parties hereby, and all other persons who receive Confidential Information pursuant hereto, agree that there is no adequate remedy at law for any violation of this Order. Thus, in the event that any person shall violate or threaten to violate any terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person. In the event that the aggrieved party shall do so, the responding person subject to the provision of this Order shall not employ as a defense thereto the claim that the aggrieved party has an adequate remedy at law.

**D.** Any Person subject to the terms of this Order agrees that this Court shall retain jurisdiction over it and them for the purposes of enforcing this Order.

**E.** The remedies set forth in this Section are not exclusive to any other remedies that an aggrieved party may elect to pursue.

**F.** the parties agree in advance to the following remedies:

    **1.** Any person, other than a party, who has obtained or reviewed any confidential information in violation of this Order shall:

        **a.** Be subject to an Injunction prohibiting any use of any confidential

information obtained or reviewed; and

b. Be precluded from any participation in this Action in any manner. This is intended to have a retroactive and prospective effect.

2. Any party who has disclosed any confidential information to any other person that in any way violated this Order shall:

a. Be subject to any and all discretionary Monetary, Evidentiary and/or Terminating Sanctions as the Court may see fit to impose based on the totality of the circumstances in this Action; and

b. Be precluded from relying on the person to whom confidential information was disclosed to in violation of this Order for any purpose in this Action. This is intended to have a retroactive and prospective effect.

3. The remedies set forth in this Section VIII(C) are not exclusive to any other remedies that an aggrieved party may elect to pursue in this, or some other, Action.

## IX. NO ADMISSIONS:

A. Neither entering into this Stipulation for Protective Order nor receiving any documents or other information designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be construed as an agreement or admission:

1. That any document or information designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" is in fact Confidential Information;

2. As to the correctness or truth of any allegation made or position taken relative to any matter designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY;" or

3. As to the authenticity, competency, relevancy, or materiality of any information or document designated as "CONFIDENTIAL" or

-12-
STIPULATED PROTECTIVE ORDER

**Gordon & Rees LLP**
**300 S. 4th Street, Suite 1550**
**Las Vegas, NV 89101**

1           "CONFIDENTIAL--ATTORNEYS' EYES ONLY."

2    **B.**    This Order is not intended to modify or waive the provisions of the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

4    **C.**    This Order does not require the production of documents or information that would otherwise be non-discoverable.

**X.    SUBPOENA BY OTHER COURTS OR AGENCIES:**

**A.**    If another court or an administrative agency subpoenas or orders production of "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" documents which a party has obtained under the terms of this Order, before complying with such subpoenas or orders, such party shall promptly notify the party or other person who designated the documents of the pendency of such subpoena or order.

**XI.   MODIFICATION - FURTHER AGREEMENTS:**

**A.**    The Parties may modify this Order only in writing prior to Court approval.

**B.**    After Court approval of this Order, the Parties may only modify the Order with permission of the Court. No purported modifications, even in writing, shall be enforceable without Court permission to modify the Order.

**C.**    Further, nothing contained herein shall preclude the Court from making any *sua sponte* modification of the Order in the interests of justice and/or for public policy reasons.

**XII.  COUNTERPARTS:**

**A.**    This Stipulation for Protective Order may be executed in counterparts, each of which shall be deemed an original and which together shall constitute one instrument.

///

///

///

///

**FOR GOOD CAUSE** shown by the preceding, and in light of the agreement of Counsel of record for the Parties as indicate below, the Court approves this Order.

**IT IS SO ORDERED**.

DATED: March 14 _____ day of _____, 2017.

_____
United States Magistrate Judge

We, the Counsel of Record for the Parties to this Action, hereby consent on behalf of ourselves and our respective clients to the form and substance of this agreement to the entry of our agreement as an Order of this Court.

DATED: March 10, 2017     **GORDON & REES, LLP**

By: */s/ Robert S. Larsen*
_____
Robert S. Larsen, Esq.
Nevada Bar No. 7785
Attorneys for Defendant

DATED: March 10, 2017     **HAINES & KRIEGER, LLC**

By: */s/ David H. Krieger*
_____
David H. Krieger, Esq.
Nevada Bar No. 9086
Attorneys for Plaintiff

# EXHIBIT A

## AGREEMENT TO BE BOUND BY TERMS OF THE PROTECTIVE ORDER

I, _____, have received a copy of the Stipulation for Protective Order and Protective Order entered in the action entitled:

*Emily Miles v. Receivables Performance Management, LLC*, (U.S.D.C., District of Nevada, Case No. 2:16-cv-02606-JAD-NJK.

I have carefully read and understand the provisions of the Protective Order. I agree that I will comply with all provisions of the Protective Order and will use any "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" information only for purposes of this action. At the end of this litigation or my involvement in this litigation, whichever occurs first, I will either destroy or return to counsel for the party by whom I am employed or retained all such "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" documents or information that comes into my possession.

Dated: March 10, 2017

_____
Name

Gordon & Rees LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

1128885/31969292v.1