1

2

3

4

5

6

7

8

9

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

10   EMILY MILES,                                    )      Case No. 2:16-cv-02606-JAD-NJK
                                                    )
11                    Plaintiff(s),                  )      ORDER
                                                    )
12   vs.                                             )
                                                    )
13   RECEIVABLES PERFORMANCE                         )
     MANAGEMENT, LLC,                                )
14                                                   )
                      Defendant(s).                  )
15   _____                )

16         Pending before the Court is a Stipulated Protective Order (Docket No. 13), which the Court

17   approved to facilitate discovery in this case.  This order reminds counsel that there is a presumption of

18   public access to judicial files and records.  A party seeking to file a confidential document under seal

19   must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and*

20   *County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

21         The Court has adopted electronic filing procedures.  Attorneys must file documents under seal

22   using the Court's electronic filing procedures.  *See* Local Rule IA 10-5.  Papers filed with the Court

23   under seal must be accompanied with a concurrently-filed motion for leave to file those documents

24   under seal.  *See* Local Rule IA 10-5(a).

25         The Court has approved the blanket protective order to facilitate discovery exchanges. But **there**

26   **has been no showing, and the Court has not found, that any specific documents are secret or**

27   **confidential**.  The parties have not provided specific facts supported by declarations or concrete

28   examples to establish that a protective order is required to protect any specific trade secret or other

1    confidential information pursuant to Rule 26(c) or that disclosure would cause an identifiable and

2    significant harm.  The Ninth Circuit has held that there is a presumption of public access to judicial files

3    and records, and that parties seeking to maintain the confidentiality of documents attached to

4    nondispositive motions must show good cause exists to overcome the presumption of public access.  *See*

5    *Kamakana* 447 F.3d at 1179.  Parties seeking to maintain the secrecy of documents attached to

6    dispositive motions must show compelling reasons sufficient to overcome the presumption of public

7    access.  *Id.* at 1180.  **All motions to seal must address the applicable standard and explain why that**

8    **standard has been met**.  The fact that a court has entered a blanket stipulated protective order and that

9    a party has designated a document as confidential pursuant to that protective order does not, standing

10   alone, establish sufficient grounds to seal a filed document.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*,

11   331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476

12   (9th Cir. 1992).

13        If the sole ground for a motion to seal is that the opposing party (or non-party) has designated

14   a document as subject to protection pursuant to the stipulated protective order, the movant must notify

15   the opposing party (or non-party) at least seven days prior to filing the designated document.  The

16   designating party must then make a good faith determination if the relevant standard for sealing is met.

17   To the extent the designating party does not believe the relevant standard for sealing can be met, it shall

18   indicate that the document may be filed publicly no later than four days after receiving notice of the

19   intended filing. To the extent the designating party believes the relevant standard for sealing can be met,

20   it shall provide a declaration supporting that assertion no later than four days after receiving notice of

21   the intended filing.  The filing party shall then attach that declaration to its motion to seal the designated

22   material.  If the designating party fails to provide such a declaration in support of the motion to seal, the

23   filing party shall file a motion to seal so indicating and the Court may order the document filed in the

24   public record.[1]

25   _____

26        [1] In the event of an emergency motion, the above procedures shall not apply.  Instead, the movant
     shall file a motion to seal and the designating party shall file a declaration in support of that motion to seal
27   within three days of its filing.  If the designating party fails to timely file such a declaration, the Court may
     order the document filed in the public record.
28

1    **IT IS ORDERED** that counsel shall comply with the requirements of Local Rule IA 10-5, the

2  Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, and the procedures outlined above, with respect

3  to any documents filed under seal.  <u>To the extent any aspect of the stipulated protective order may</u>

4  <u>conflict with this order or Local Rule IA 10-5, that aspect of the stipulated protective order is hereby</u>

5  <u>superseded with this order.</u>

6    DATED: March 14, 2017

7

8    _____
     NANCY J. KOPPE
     United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28